FILED
MAR 23 2015
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS CREEL LANHAM, | CV 15-9-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| LEROY KIRKEGARD, SAM JOVANOVICH, RONALD MCDONALD, and DAVE PENTLAND, | |
| Defendants. | |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations on February 24, 2015, recommending that this matter be dismissed. Plaintiff failed to timely object to the Findings and Recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.

-1-

2000). There is no clear error in Judge Johnston's Findings and Recommendation and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

There is no clear error in Judge Johnston's finding that Lanham's claim for verbal harassment does not constitute a constitutional violation. There is no clear error in Judge Johnston's finding that Lanham's 15 days in administrative segregation as a result of his disciplinary hearing was not an atypical or significant hardship and therefore does not implicate a protected liberty interest. Similarly, Judge Johnston did not clearly err in finding that a temporary deprivation of property as a result of being reclassified, as alleged in the Complaint, is not an atypical or significant hardship.

Judge Johnston ordered that Lanham may file an amended complaint by March 16, 2015 in order to cure the deficiencies regarding his due process claims related to his reclassification. Judge Johnston included specific details regarding the deficiencies in the current Complaint and the information required to cure those deficiencies. Lanham failed to file an amended complaint, and so this Court will deny Lanham's due process claims regarding his reclassification for failure to state a claim upon which relief may be granted.

Lastly, Judge Johnston did not clearly err in recommending that Lanham's one-page motion for a temporary restraining order and a preliminary injunction asking to be placed in protective housing (S.M.I) be denied. Lanham has neither issued notice to the adverse parties nor complied with Federal Rule of Civil Procedure 65(b). As stated above, and as outlined in Judge Johnston's Findings and Recommendation, Lanham is not likely to succeed on the merits. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Further, Lanham has been placed in administrative segregation, in part for his own protection. Lanham does not show that he is in danger while in administrative segregation and has failed to show that he is likely to suffer irreparable harm. *Id.*

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 6) are ADOPTED. This case is DISMISSED.

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 4) is DENIED.

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to

state a claim and his claims are frivolous.

Dated this 23rd day of March, 2015.

/s/ Dana L. Christensen

Dana L. Christensen, Chief Judge
United States District Court